UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KENNY GONZALEZ,

                                                        Plaintiff,      **COMPLAINT &**
                                                                                     **JURY DEMAND**
       -against-

CITY OF NEW YORK; SERGEANT RICHARD CHO (Shield #900); OFFICER MAXIMILIAN ZAPATA (Shield #20049); OFFICER PETER ELLISON (Shield #01101); OFFICER DANIEL PURNAVEL (Shield #08398),

                                                        Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. § 1983 for the violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights, and the laws and Constitution of the State of New York.

2. The claim arises from a March 27, 2016 incident in which New York City Police Department ("NYPD") officers of the Midtown North Precinct, acting under color of state law, falsely arrested and maliciously prosecuted Mr. Gonzalez without probable cause to believe he had committed a crime, and then made false allegations against him to the New York County District Attorney's Office, which caused Plaintiff to be prosecuted.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

4. This action arises under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §§ 1983 and 1988.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located, and a substantial part of the events giving rise to the claim occurred, within the boundaries of the Southern District of New York.

**PARTIES**

7. Plaintiff KENNY GONZALEZ is a resident of New York.

8. The CITY OF NEW YORK ("City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention, and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

9. Defendants SERGEANT RICHARD CHO, OFFICER MAXIMILIAN ZAPATA, OFFICER PETER ELLISON, and OFFICER DANIEL PURNAVEL were at all times here relevant police officers of the NYPD, and as such were acting in the capacities of agents, servants, and employees of the City of New York. On information and belief, at all times relevant hereto, defendant police officers were involved in the decision to arrest Plaintiff without probable cause or failed to intervene in the actions of their fellow officers when they observed

them arresting Plaintiff without probable cause. The police officer defendants are sued in their individual capacities.

10. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

11. Within 90 days of the events giving rise to these claims, Plaintiff filed a written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of the Notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

12. At approximately 3:00 A.M. on March 27, 2016, Plaintiff Kenny Gonzalez was driving his car eastbound on 57th Street in Manhattan.

13. Mr. Gonzalez's car was stopped on East 57th Street between Fifth Avenue and Madison Avenue by Defendants Sergeant Cho, Officer Purnavel, Officer Zapata, and Officer Ellison.

14. Plaintiff had not broken any laws or violated any traffic regulations. There was no valid or legal reason for the officers to stop Plaintiff.

15. The officers arrested Plaintiff for driving while intoxicated, placed him in handcuffs, and brought him to the 7th police precinct.

16. Plaintiff was not intoxicated and was not showing any signs of intoxication.

17. The officers transported Plaintiff to the Midtown North precinct in Manhattan.

18. Sergeant Cho questioned Plaintiff and continued to detain him without probable cause to believe he was intoxicated. Officer Purnavel was present and failed to intervene in the

obviously unlawful actions of his colleague.

19. Sergeant Cho then fabricated evidence, including but not limited to, statements that Mr. Gonzalez "had watery and bloodshot eyes" and "slurred speech," which were not true.

20. Sergeant Cho forwarded such evidence to the Manhattan District Attorney's Office, causing Plaintiff to be prosecuted.

21. Mr. Gonzalez was arraigned in New York County Criminal Court.

22. For fourteen months, Mr. Gonzalez returned to New York County Criminal Court to contest the charges against him.

23. On June 21, 2017, Sergeant Cho testified about the arrest during a hearing in New York County Criminal Court. After his testimony, all charges against Plaintiff were dismissed.

24. Defendant Officers Purnavel, Zapata, and Ellison failed to intervene to prevent the unlawful detention, false arrest, and malicious prosecution of Plaintiff.

25. By failing to intervene, Defendants Purnavel, Zapata, and Ellison demonstrated a deliberate indifference to a substantial risk of serious harm to Plaintiff.

26. At all times during the events described above, the defendant officers were engaged in a joint venture and formed an agreement to violate Plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

27. During all of the events above described, Defendants acted maliciously and with intent to injure Plaintiff.

## DAMAGES

28. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution;

    b. Violation of his rights under Article I of the New York State Constitution;

    c. Emotional trauma and suffering, including fear, embarrassment, humiliation, frustration, extreme inconvenience, shame, and anxiety; and

    d. Deprivation of his liberty.

## FIRST CAUSE OF ACTION
42 U.S.C. § 1983

29. The above paragraphs are here incorporated by reference.

30. Defendants arrested Plaintiff without a warrant, without Plaintiff's consent, and without any legal justification. Plaintiff did not consent to his confinement and was conscious of it.

31. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

32. The individual defendants fabricated false evidence against Plaintiff and forwarded such false evidence to the New York County District Attorney's Office, and failed to intervene in each other's obviously illegal actions.

33. Defendants were aware or should have been aware of the falsity of the information used to prosecute Plaintiff.

34. As a result of Defendant's false evidence, Plaintiff was criminally charged and deprived of his liberty for more than a year.

35. All charges against Plaintiff were dismissed in June 2017.

36. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and

have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. § 1983, New York State common law, and the New York State Constitution.

37. Plaintiff was damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### MALICIOUS PROSECUTION

38. The above paragraphs are here incorporated by reference.

39. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

40. Defendants did not have probable cause to initiate criminal proceedings.

41. The proceedings were terminated in Plaintiff's favor in June 2017, when all charges were dismissed and sealed.

42. Defendants have deprived Plaintiff of his civil, constitutional, and statutory rights and have conspired to deprive him of such rights.  They are liable to Plaintiff under 42 U.S.C. § 1983, New York State common law, and the New York State Constitution.

43. As a result of the malicious prosecution implemented by the defendants, Plaintiff was damaged.

## THIRD CAUSE OF ACTION
### RESPONDEAT SUPERIOR

44. The above paragraphs are here incorporated by reference.

45. Defendants' tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

46. As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  December 18, 2017
        Brooklyn, New York

Respectfully yours,

*[signature]*

Amy E. Robinson, Esq.
Stoll, Glickman & Bellina, LLP
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY  11217
(718) 852-3710
arobinson@stollglickman.com
*Attorney for Plaintiff*

TO: Corporation Counsel
    City of New York
    100 Church Street
    New York, NY  10007

    Sgt. Richard Cho, #900
    48th Precinct
    450 Cross Bronx Expy
    Bronx, NY 10457

    Officer Daniel Purnavel, #08398
    Officer Maximilian Zapata, #2004
    Officer Peter Ellison, #01101
    Midtown North Precinct
    306 West 54th Street
    New York, NY 1019